IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Notrise Goodman, | C/A No. 8:25-cv-13905-JFA-WSB |
| Plaintiff, | |
| v. | |
| Cathy White, Shana Peeler, | **ORDER** |
| Defendants. | |

Notrise Goodman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Complaint, the Magistrate Judge assigned to this action notified Plaintiff of several deficiencies and gave him an opportunity to bring his claim into proper form. (ECF No. 7). Plaintiff timely filed an Amended Complaint. (ECF No. 11). Thereafter, the Magistrate Judge conducted a review of the Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation[1] ("Report").

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

(ECF No. 15). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal for failure to allege facts sufficient to state a claim for relief. *Id.* The Magistrate Judge avers Plaintiff failed to make substantive allegations against Defendants and failed to establish facts to support a claim for deliberate indifference to a serious medical need. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 23, 2026. *Id.* The Magistrate Judge required Plaintiff to file objections by February 6, 2026. *Id.* Plaintiff has failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Plaintiff's Amended Complaint is subject to summary dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 15). Consequently, this action is dismissed without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

February 23, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge